UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-61042-BLOOM

**JAMES ALLEN PERKOWSKI**,

    Petitioner,

v.

**FLORIDA DEPARTMENT OF CORRECTIONS**,

    Respondent.

_____/

## ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

**THIS CAUSE** is before the Court upon Petitioner, James Allen Perkowski's *pro se* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, ECF No. [1]. Petitioner challenges the constitutionality of his state convictions and sentences on charges of armed kidnapping, armed robbery, and armed burglary in the Seventeenth Judicial Circuit for Broward County. (*See generally id.*).

Respondent Florida Department of Corrections filed a Response, ECF No. [14], an Index to Appendix, ECF No. [15], with exhibits, ECF Nos. [15-1]–[15-3],[1] and a Notice of Filing Transcripts, ECF No. [16], with attached transcripts, ECF Nos. [16-1]–[16-3].[2] Petitioner thereafter filed a Reply, ECF No. [18], and Respondent filed a Notice of Supplemental Authority, ECF No. [20]. The Court has carefully considered the parties' written submissions, the record, and

---

[1] Volume I, ECF No. [15-1], contains Exhibits 1–32, Volume II, ECF No. [15-2], contains Exhibits 33–57, and Volume III, ECF No. [15-3], contains Exhibits 58–83.

[2] Volume I, ECF No. [16-1] contains transcripts from Petitioner's motion to suppress, trial, and sentencing hearings in 1991, Volume II, ECF No. [16-2], contains the transcript of Petitioner's 2004 resentencing hearing, and Volume III, ECF No. [16-3], contains the transcript of Petitioner's 2009 resentencing hearing.

applicable law. For the following reasons, the Petition is dismissed.

## I. BACKGROUND

On September 5, 1991, a Broward County jury found Petitioner guilty of two counts of armed kidnapping (Counts 1, 2), two counts of armed robbery (Counts 3, 4), and one count of armed burglary (Count 5). *See* ECF No. [15-1] at 11–12.[3] Petitioner was sentenced to 40 years' imprisonment on Counts 1 and 2 and consecutive life imprisonment with a mandatory minimum of 15 years on the remaining counts (Counts 3-5), these latter sentences imposed as habitual violent felony offender ("HVFO") sentences. *See id.* at 14-30.

Petitioner appealed his convictions and sentences arguing that he could not be classified as a HVFO based on crimes committed after commission of the present offenses, but for which he was convicted before the instant sentencing. *See id.* at 35–49. He also argued that the trial court could not impose consecutive mandatory sentences under the Habitual Offender Act for offenses which arose from the same criminal incident. *See id.* The Fourth District Court of Appeal ("Fourth DCA") in a written opinion disagreed with Petitioner as to the habitualization but agreed the trial court could not impose consecutive mandatory sentences and vacated Petitioner's sentence and remanded for resentencing. *See Perkowski v. State*, 605 So. 2d 498, 499 (Fla. 4th DCA 1992) (hereinafter, "*Perkowski I*"). The Fourth DCA also certified a question to the Florida Supreme Court regarding the habitualization issue.[4] Mandate issued on September 18, 1992. *See* ECF No. [15-1] at 72. On February 12, 1993, Petitioner was resentenced, in accordance with the Fourth

---

[3] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

[4] The Fourth DCA certified the following question: "IS HABITUAL OFFENDER CLASSIFICATION PERMITTED WHERE THE PREDICATE OFFENSE FOR WHICH APPELLANT WAS PREVIOUSLY CONVICTED OCCURRED SUBSEQUENT TO THE COMMISSION OF THE SUBJECT OFFENSE?" *Id.* at 500.

DCA's mandate, to concurrent sentences. *See id.* at 74.

Petitioner then sought to invoke the discretionary jurisdiction of the Florida Supreme Court. *See id.* at 76–79. After briefing by the parties, the Florida Supreme Court issued a written opinion on March 25, 1993, adopting the Fourth DCA's opinion under review as its own and answering the certified question in the affirmative. *See Perkowski v. State*, 616 So. 2d 26 (Fla. 1993) (hereinafter, "*Perkowski II*"). Mandate issued April 16, 1993. *See* ECF No. [15-1] at 123. On May 7, 1993, the Fourth DCA, upon mandate from the Florida Supreme Court, remanded the case for resentencing, which the trial court had already done. *See id.* at 74, 125.

### i. *Petition Alleging Ineffective Assistance of Appellate Counsel*

On February 23, 2001, Petitioner filed a *pro se* petition for writ of habeas corpus alleging ineffective assistance of appellate counsel in the Fourth DCA. *See id.* at 127. The Fourth DCA dismissed the petition as untimely. *See id.* at 179. Petitioner moved for rehearing, *see id.* at 181, which was denied. *See id.* at 181. Petitioner then sought to invoke the discretionary jurisdiction of the Florida Supreme Court. *See id.* at 188. The Florida Supreme Court treated the notice to invoke as a petition for writ of mandamus and denied the petition. *See id.* at 200–05. Petitioner moved for rehearing, *see id.* at 207, which was denied. *See id.* at 216.

### ii. *3.850 Motion for Postconviction Relief*

On March 17, 2001, Petitioner filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850 ("3.850 Motion"). *See id.* at 218. Petitioner argued the untimeliness of the motion should be excused because "he was incarcerated out of state, without access to the needed materials, such as law books, the rules of court, the rules of criminal procedure to properly present and argue the claims alleged[.]" *Id.* at 221–22.[5] He also raised three claims of ineffective

---

[5] Petitioner explained that he was incarcerated in Pittsburg, Pennsylvania awaiting disposition of criminal charges when the Broward County Sheriffs Office obtained a warrant against him and "transferred [him]

3

assistance of counsel and attacked the habitual offender sentences imposed on the grounds that improper or insufficient predicate offenses were utilized. *See id.* at 218–47. The State filed a response arguing the motion should be denied on the merits. *See id.* at 261. Petitioner thereafter filed a reply. *See* ECF No. [15-2] at 2. The State was ordered to respond to Petitioner's reply, to which it did on December 5, 2001, relying on its earlier response. *See id.* at 13. On November 20, 2001, the trial court denied the motion for the reasons stated in the State's response. *See id.* at 18. On December 4, 2001, Petitioner filed a motion for rehearing ("3.850 rehearing motion"). *See id.* at 20. The motion remained pending until it was denied in 2020.

### iii.     *3.800(a) Motion to Correct Illegal Sentence and Resentencing*

On August 30, 2004, Petitioner filed a motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a) ("First 3.800(a) Motion") raising claims regarding the illegality of his habitual offender sentences (Counts 3-5) as well as scoresheet errors concerning the improper inclusion of the counts for which he was habitualized as "additional offenses," and the improper inclusion of offenses that occurred after the commission on the instant offenses as "prior record." *See id.* at 27–37. The State contended the claims regarding his habitual offender sentences were meritless but agreed that the scoresheet on Counts 1 and 2 should be corrected to remove the counts for which he was habitualized as "additional offenses." *See id.* at 77–81. The trial court denied Petitioner's motion as to the habitual offender sentences and granted resentencing on Counts 1 and 2. *See id.* at 83.

On December 16, 2004, Petitioner was resentenced on Counts 1 and 2 to forty years with a mandatory minimum of three years, to run concurrent to his sentences on Counts 3-5. *See id.* at

---

back to Broward County to face the charges that are the subject of this petition." *Id*. at 222. Thereafter, he "was released to the U.S. Marshals for transportation back to Pittsburgh to again finish his out of state sentence." *Id*. at 222-23.

85–95. Thereafter, on January 10, 2005, the trial court entered a corrected sentence order to reflect the mandatory minimum provision. *See id.* at 97–98.

On January 4, 2005, Petitioner appealed the resentencing. *See id.* at 100. On appeal, Petitioner again raised a challenge to his habitual offender sentence; a claim that the trial court erroneously denied jail credit for time he spent in prison out of state; and a scoresheet error based on inclusion of points for convictions of crimes committed after the instant offenses. *See id.* at 105–26. The State filed an answer brief. *See id.* at 128–39. The Fourth DCA, in a written opinion on February 22, 2006, affirmed as to the first two issues but reversed as to scoresheet error on Counts I and II and remanded with "directions to impose a sentence without points from convictions for offenses occurring after the offenses in this case." *Perkowski v. State*, 920 So. 2d 836, 838 (Fla. 4th DCA 2006) (hereinafter "*Perkowski III*").

### iv. Second 3.800(a) Motion

On February 28, 2005, Petitioner filed a second 3.800(a) motion claiming his habitual violent felony offender designation was illegal. *See* ECF No. [15-2] at 146–55. The motion was denied on March 24, 2014. *See id.* at 168–69. Petitioner did not appeal.

### v. 2009 Resentencing

On November 5, 2009, Petitioner was resentenced, pursuant to the Fourth DCA's mandate in *Perkowski III*, on Counts 1 and 2 to twelve years to run concurrent to the remaining counts. *See id.* at 171–87. Petitioner appealed this resentencing. *See id.* at 189. After failing to timely file an initial brief, the Fourth DCA ordered Petitioner to show cause why the appeal should not be dismissed for lack of prosecution. *See id.* at 194. Receiving no response, the Fourth DCA *sua sponte* dismissed the appeal for lack of prosecution on June 23, 2010. *See id.* at 196.

### vi.     *Third 3.850(a) Motion*

On May 6, 2019, Petitioner filed a third Rule 3.800(a) motion. *See* ECF No. [15-3] at 2. After considering the State's response, *see id.* at 18, the state court denied Petitioner's motion. *See id.* at 86. Petitioner appealed, and the Fourth DCA per curiam affirmed without written opinion. *See Perkowski v. State*, 284 So. 3d 510 (Fla. 4th DCA 2019). Petitioner moved for rehearing, *see* ECF No. [15-3] at 119, and his request was denied. *See id.* at 130. Mandate issued December 6, 2019. *See id.* at 132.

### vii.    *3.850 Rehearing Motion and Appeal*

In June 2002 and February 2003, Petitioner filed notice of inquiries regarding the 3.850 rehearing motion. *See id.* at 134–39. Then, in January 2010, Petitioner filed a "motion for judgment on the pleadings" requesting a ruling on his 3.850 rehearing motion. *See id.* at 142. The state court in February 2010 dismissed the motion because Petitioner was in the process of appealing his 2009 resentencing. *See id.* at 146.

On February 19, 2014, Petitioner filed another motion requesting a ruling. *See id.* at 148. The state court ordered the State to respond to the 3.850 rehearing motion. *See* ECF No. [15-2] at 168. The State did not respond.

On February 19, 2020, Petitioner filed a motion requesting ruling. *See* ECF No. [15-3] at 153. On November 4, 2020, the state court again ordered the State to respond to the 3.850 rehearing motion. *See id.* at 159. After receiving the State's response, *see id.* at 162, the state court denied Petitioner's 3.850 rehearing motion. *See id.* at 167. Petitioner appealed, and on July 1, 2021, the Fourth DCA per curiam affirmed without written opinion. *See Perkowski v. State*, 324 So. 3d 487 (Fla. 4th DCA 2021). Petitioner moved for rehearing, *see* ECF No. [15-3]. at 234, and his request was denied on September 1, 2021. *See id.* at 239. Mandate issued on September 24, 2021. *See id.*

at 241.

The instant petition was filed on May 30, 2022.[6]

## II. DISCUSSION

**A.**     **Timeliness**

*i.*     ***The Petition is Untimely.***

Respondent argues that the Petition is time-barred. *See* ECF No. [14] at 9. Petitioner counters that "[a]s nothing was filed after the September 1, 2021 ruling the AEDPA clock began running on that date and has continued running until the date of filing this Petition in May 2022. A little over (8) months of the Petitioner[']s (12) month AEDPA [time period] has therefore elapsed rendering this petition timely." ECF No. [1] at 44. For the following reasons, the Court agrees with Respondent that the Petition is untimely.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides a "[one]–year period of limitation . . . [for] an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[6] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (citations omitted).

*Id.* The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending. *Id.* § 2244(d)(2).

Petitioner does not assert that an unconstitutional State-created impediment to filing his federal habeas Petition existed, that he bases his claims on a right newly recognized by the United States Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence. *See generally* ECF No. [1]. Accordingly, the statute of limitations is measured from the sole remaining trigger, which is the date Petitioner's "judgment" became final. 28 U.S.C. § 2244(d)(1)(A).

For convictions finalized prior to enactment of AEDPA, a "reasonableness period" of one year was applied following one year of enactment of AEDPA on April 24, 1996 (i.e., until April 24, 1997). *See Charest v. King*, 155 F. App'x 494, 495 (11th Cir. 2005) (citing *Wilcox v. Fla. Dept. of Corr.*, 158 F.3d 1209, 1211 (11th Cir. 1998)). The date of finality for purposes of the limitations period is the conclusion of the appeal process or the expiration of the time for seeking review. *See Jimenez v. Quarterman*, 555 U.S. 113, 121 (2009).

As stated, the AEDPA's one-year statute of limitations, including the "reasonableness period," is tolled while properly filed postconviction or collateral proceedings are pending. *See Lovasz v. Vaughn*, 134 F.3d 146, 149 (3rd Cir. 1998); *Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998). Time elapsing while postconviction proceedings are pending shall not count toward the one-year period of limitation. *See* 28 U.S.C. §2244 (d)(2). The AEDPA clock and limitations period resumes running when the state's highest court issues its mandate disposing of the motion for postconviction relief. *See Lawrence v. Florida*, 549 U.S. 327, 331–32 (2007). To toll the limitations period, the state motion for postconviction relief must be filed before the limitation period expires. *See Tinker v. Moore*, 255 F. 3d 1331, 1332 (11th Cir. 2001). "[T]o qualify for

8

statutory tolling, a collateral pleading must 'request[ ] . . . judicial review of a judgment and . . . provide a state court with authority to order relief from a judgment.'" *Danny v. Sec'y, Fla. Dept. of Corr.,* 811 F.3d 1301, 1304 (11th Cir. 2016) (quoting *Wall v. Kholi*, 562 U.S. 545, 554 n. 4 (2011)).

Here, because Petitioner was originally convicted and sentenced in 1991 and subsequently resentenced in 2009, there are two limitations periods to consider. *See* 28 U.S.C. § 2244(d)(1)(A). First is the period prior to the enactment of the AEDPA ("pre-AEDPA") applicable to his original 1991 convictions and sentences and the second is the period after Petitioner's resentencing in 2009. A review of either time frame reveals that the instant Petition is untimely.

## ii. *Pre-AEDPA*

As discussed, Petitioner was sentenced by the trial court on October 25, 1991. His original conviction and sentence became final in 1993, following the Florida Supreme Court's mandate — prior to the effective date of the AEDPA. Therefore, he had until **April 24, 1997,** to file a timely federal habeas petition. *See Charest*, 155 F. App'x at 495. However, Petitioner filed nothing in state court until his petition alleging ineffective assistance of appellate counsel on **February 23, 2001**, *see* ECF No. [15-1] at 127, **1,401 days past the expiration of the "reasonableness period."**

Moreover, the state petition alleging ineffective assistance of appellate counsel did not toll Petitioner's time because a state petition filed after expiration of the federal limitations period does not toll the period. *See Tinker*, 255 F. 3d at 1332; *see also Pickett v. Butler*, 2022 WL 1051900, at *3 (M.D. Ala. Mar. 21, 2022), *report and recommendation adopted*, 2022 WL 1050907 (M.D. Ala. Apr. 7, 2022) (habeas petitioner who was convicted prior to the enactment of AEDPA could not use state postconviction petitions filed after the April 24, 1997, expiration of the limitations period to revive the statute of limitations). For the same reason, Petitioner's 3.850 proceedings

initiated in 2001, even though they were not concluded until 2021 after the Fourth DCA affirmed the summary denial of the 3.850 motion, did not toll the statute of limitations because the period had already long since expired.[7] *See Tinker*, 255 F. 3d at 1332; *Gorby v. McNeil*, 530 F. 3d 1363, 1368 (11th Cir. 2008) (holding that a federal court is to make an independent assessment of the timeliness of a state postconviction motion even if the state court denied the motion on the merits); *Jones v. Sec'y, Fla. Dep't of Corr.*, 906 F. 3d 1339 (11th Cir. 2018) (State court does not have to explicitly make timeliness ruling before federal court can find that post-conviction motion was untimely and thus not "properly filed" for purposes of tolling one-year statute of limitations on federal habeas claims.).

### iii. 2009 Resentencing

Turning to the time frame after Petitioner's 2009 resentencing, the instant Petition is likewise untimely. The Eleventh Circuit recently clarified that "not every action that alters a sentence necessarily constitutes a new judgment[.]" *Osbourne v. Sec'y, Fla. Dep't of Corr.*, 968 F.3d 1261, 1265 (11th Cir. 2020). Indeed, the Eleventh Circuit has expressly rejected the argument that "any order that alters a sentence necessarily constitutes a new judgment[.]" *Patterson v. Sec'y, Fla. Dep't of Corr.*, 849 F.3d 1321, 1326 (11th Cir. 2017) (en banc). For example, "when a court corrects a clerical mistake, no new judgment arises for purposes of Federal Rule of Appellate Procedure 4(B)(1)(A)." *Id.* (citing *United States v. Portillo*, 363 F.3d 1161, 1165–66 (11th Cir. 2004).

In Petitioner's 2009 resentencing, the court merely corrected a clerical mistake. While the Court signed a new sentencing order, *see* ECF No. [15-2] at 171–77, the 2009 Judgment that issued

---

[7] Even giving Petitioner the benefit of the doubt and starting the limitations period on August 8, 1999, the date he alleges he was returned to Florida to serve his sentence, *see* ECF No. [1] at 44, neither Petitioner's February 2001 state habeas petition nor the March 2001 3.850 motion would have tolled the time as they were not filed within one year of his return to Florida. *See Tinker*, 255 F. 3d at 1332.

10

was not a "new judgment" because it merely corrected the offense statute numbers. *See id.* at 182. In fact, the 2009 Judgment states, "Corrected as to Statute #'s." *Id.* It also lists the original Assistant State Attorney, defense counsel, and court reporter from 1991. *Compare* ECF No. [15-1] at 11 *with* ECF No. [15-2] at 182. The corrected judgment also noted that the imposition of sentence was deferred until October 11, 1991. *See id.* In sum, the limitations period was not restarted. *See Bishop v. Sec'y, Fla. Dep't of Corr.*, No. 3:13CV118/MCR/EMT, 2013 WL 5596776, at *4 (N.D. Fla. Oct. 11, 2013) (collecting cases) ("Other courts which have addressed this narrow issue appear to have uniformly held that when a court corrects a clerical error in a criminal judgment, the AEDPA's one-year limitations period does not begin anew when the court corrects the clerical error."). Therefore, the instant Petition **filed thirteen years after Petitioner's resentencing is untimely**. *See* 28 U.S.C. § 2244(d)(1)(A). Moreover, Petitioner's 3.850 motion could not have tolled this limitations period because it was time-barred under the first limitations period as discussed previously.

      *iv.*    *Equitable Tolling is Not Warranted*

Nevertheless, "[i]f a defendant files a petition for a federal writ of habeas corpus beyond the one-year limitation period, the district court may still review an untimely petition filed by a petitioner entitled to equitable tolling." *Sam Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011). A federal habeas petitioner "is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing" of his habeas petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010).

Petitioner does not argue that he is entitled to equitable tolling. *See generally* ECF Nos. [1], [18]. In his Reply, Petitioner states, "that equitable tolling is not necessary as his petition was timely filed[.]" ECF No. [18] at 4. As discussed, the petition is untimely, and the Court concludes

that no grounds for equitable tolling exist.

### B. Evidentiary Hearing

In a habeas corpus proceeding, the burden is on the petitioner to establish the need for an evidentiary hearing. *See Chavez v. Sec'y, Fla. Dep't of Corrs.*, 647 F.3d 1057, 1060 (11th Cir. 2011). "[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Here, the pertinent facts of the case are fully developed in the record — as explained, Petitioner is time-barred, and thus precluded, from obtaining habeas relief. Because the Court can "adequately assess [Petitioner]'s claim[s] without further factual development[,]" Petitioner is not entitled to an evidentiary hearing. *Turner v. Crosby*, 339 F.3d 1247, 1275 (11th Cir. 2003).

### C. Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his petition for a writ of habeas corpus has no absolute entitlement to appeal and must obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180, 183 (2009). A certificate of appealability shall issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, a district court dismisses a petition based on procedural grounds, a petitioner must further demonstrate that reasonable jurists "would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration of the record, the Court concludes that Petitioner has not done so, and thus there is no basis to issue a certificate of appealability.

Case No. 22-cv-61042-BLOOM

## III.  CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody **[ECF No. 1]** is **DISMISSED**.

2. A *certificate of appealability* is **DENIED**. Because there are no issues with arguable merit, an appeal would not be taken in good faith, and thus, Petitioner is not entitled to appeal *in forma pauperis*.

3. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 17, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

James Allen Perkowski
706768
Avon Park Correctional Institution
Inmate Mail/Parcels
8100 Highway 64 East
Avon Park, FL 33825
PRO SE